# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN B. PHERIGO, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:06-cv-0092-SNL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on receipt of movant Steven B. Pherigo's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## Background

On April 5, 2001, Pherigo was indicted for possession with the intent to distribute over five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). *United States v. Gilyard*, 4:01-cr-144-SNL (E.D. Mo.). On July 26, 2001, Pherigo entered a guilty plea and was sentenced to 120 months' imprisonment. *Id.* Pherigo appealed his sentence to the Eighth Circuit Court of Appeals, arguing that his sentence enhancement, under 21 U.S.C. § 851, was in error because the state felony on which it was based was more than ten years old. *United States v. Pherigo*, 327 F.3d 690, 696-97 (8th Cir. 2003). On May 5, 2003, the Court of Appeals affirmed sentence imposed by the Court. *Id.* On October 14, 2003, the United States Supreme Court denied Pherigo's petition for writ of certiorari.

## Motion to Vacate

Pherigo states that the sentence that he received violated his rights under the Sixth Amendment, specifically, that his sentence was enhanced because of a ten-year-old conviction and

because of an alleged threatening of a witness which was struck from the record. Liberally construing Pherigo's complaint, it appears that he also asserts that his motion is timely under § 2255(3) because of the Supreme Court's decision in *Dodd v. United States*, 125 S.Ct. 2478 (2005) (holding that the one-year limitation period for filing motions to vacate begins to run on the date on which the Supreme Court "initially recognized" the right asserted), *United States v. Booker,* 534 U.S. 220, 125 S.Ct. 738 (2005) and *Blakely v. Washington*, 124 S.Ct. 2531 (2004). Pherigo also asserts that the Supreme Court's decisions in *Blakely* and *Booker* constitute "exceptional circumstances" such that this Court should exercise jurisdiction over the issues raised in Pherigo's motion.

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Pherigo's § 2255 motion was filed outside the one-year limitation period. *See* 28 U.S.C. § 2255. The limitation period runs from the date on which the judgment of conviction becomes final. 28 U. S.C. § 2255(1); *Clay v. United States,* 537 U.S. 522, 524 (2003). Here, Pherigo's judgment of conviction became final on October 14, 2003, the date that the Supreme Court denied his petition for certiorari. Pherigo had until October 14, 2004, in which to file his § 2255 motion. Thus, his motion, filed January 19, 2006, is untimely.

Pherigo apparently contends that his motion falls under § 2255(3) which provides that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). Pherigo would presumably argue that *Booker*, issued in 2005, announced a new rule which is retroactively applicable to cases on collateral

review and, therefore, extends the period for the filing of his initial § 2255 motion.

This argument, however, is without merit. In *Never Misses A Shot v. United States*, 413 F.3d 781 (8th Cir. 2005), the Eighth Circuit Court of Appeals held that *Booker* does not retroactively apply to criminal cases that became final before *Booker* was announced. Therefore, the limitations period is not extended by the Court's decision in *Booker*.

Furthermore, even if the period of limitations is subject to equitable tolling, *see Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999), Pherigo has not asserted any facts that would cause the Court to conclude that equitable tolling is warranted in this case. *Id.* (noting that in habeas context equitable tolling is proper when "extraordinary circumstances" beyond a prisoner's control makes it impossible to file the habeas action on time). Pherigo's § 2255 motion is, therefore, barred by the one-year statute of limitations.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 1] be **DENIED**, without prejudice, as time-barred.

An appropriate order will accompany this memorandum and order.

Dated this 6th day of February, 2006.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**